UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEE WELCH, | ) | 1:14CV2328 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE PATRICIA GAUGHAN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| ALAN LAZAROFF, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Lee Welch ("Welch") filed a petition pro se for a writ of habeas corpus arising out of his 2010 convictions for rape, sexual battery, kidnapping and other crimes, in the Cuyahoga County (Ohio) Court of Common Pleas.  In his petition, Welch raises four grounds for relief:

   1.  Petitioner's conviction was against the manifest weight of the evidence.

   2.  The trial court erred in concluding its own independent research and relying on matter that were not offered in evidence.

   3.  The imposition of consecutive sentences by the trial court violates a Defendant's to due process and equal protection when that sentence is clearly contrary to the record.

   4.  The trial court erred in failing to give reasons in support of it finding for imposition of consecutive sentences.

(Doc. 1, § 12.)  The respondent has filed a Return of Writ, arguing the petition is time-barred (doc. 6), and the petitioner filed a Traverse (doc. 9).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> On August 4, 2009, K.W. reported to the Cleveland Police that defendant, who is K.W.'s father, sexually abused her from September of 2007 to July of 2009, when K.W. was 14–15 years old.  Also, on August 4, 2009, defendant initiated a complaint that K.W. was an unruly child pursuant to R.C. 2151.022(A) and (C).  This complaint was filed in juvenile court on August 5, 2009.
>
> On October 16, 2009, defendant was charged in a 67-count indictment relating to alleged sexual abuse of K.W.  The case was tried to the court, and on June 28, 2010, defendant was convicted of 12 counts of rape, 12 counts of kidnapping, 13 counts of sexual battery, and one count each of gross sexual imposition, importuning, and disseminating matter harmful to juveniles.
>
> On July 19, 2010, the court sentenced defendant to 36 years in prison, as follows: the rape and kidnapping convictions merged and defendant was sentenced to three years in prison for each of these 12 counts, to run consecutive to one another, totaling 36 years; two years in prison for each count of sexual battery; and one year in prison for each remaining count, all to run concurrently.

(Doc. 6, RX 12, at 1-2; State v. Welch, No. 95577, 2011 WL 2566392, at *1 (Ohio Ct. App. June 30, 2011).

### A.  Direct Appeal

Welch filed a timely appeal, and raised the following four assignments of error:

> 1. Defendant's conviction was against the manifest weight of the evidence.
>
> 2. The trial court erred in failing to merge the defendant's convictions for rape and sexual battery, which are allied offenses and arose from the same conduct.
>
> 3. The trial court erred in conducting its own independent research and in relying upon matters that were not offered in evidence.
>
> 4. The trial court's sentence was excessive and contrary to law.

(Doc. 6, RX 10.)  The court of appeals remanded the case for resentencing, based on the second assignment of error, but otherwise affirmed the judgment of the trial court, on June 30, 2011.  (Doc. 6, RX 12, at 16, 20; Welch, 2011 WL 2566392.)

Welch filed an appeal of this decision to the Supreme Court of Ohio, raising five propositions of law:

> 1. The trial court erred to the appellate [sic] by entering a judgement for the crime of rape on multiple counts when counts were supposed to be merged into count pursuant to [Ohio Rev. Code §] 2941.25(A).
>
> 2. The trial court erred to the appellant by entering a judgement of conviction for rape when the courts could have considered a lesser degree charge of sexual battery.
>
> 3. Appellant's convictions are against the manifest weight of evidence.
>
> 4. The trial court erred in conducting its own independent research and in relying upon matters that were not in evidence.
>
> 5. The trial court's sentence was excessive and contrary to law.

(Doc. 6, RX 14.)  The state supreme court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on November 30, 2011.  (Doc. 6, RX 15; State v. Welch, 130 Ohio St.3d 1476, 957 N.E.2d 1168 (2011).)

### B.  First Rule 26(B) Application

On May 2, 2012, Welch filed an untimely Rule 26(B) application to reopen his appeal of his conviction.  Welch argued his appellate counsel was ineffective for failing to argue (1) sufficiency of the evidence, concerning his rape conviction; and (2) ineffective assistance of trial counsel.  (Doc. 6, RX 16.)

The court of appeals found that Welch's application was untimely, and he had failed to provide good cause for the untimely filing, thus that application to reopen was denied.  (Doc. 6, RX 18; State v. Welch, No. 95577, 2012 WL 3044292 (Ohio Ct. App. July 24, 2012).)

Welch filed an appeal of that ruling to the Supreme Court of Ohio, setting forth a single proposition of law:

> Appellate counsel rendered ineffective assistance of counsel by failing to raise dead bang winners on appeal, violating defendant's constitutional right as guaranteed by the Ohio Constitution Article I Section 16 and the United States Constitution Sixth Amendment.

(Doc. 6, RX 20.)  On Nov. 28, 2012, the court dismissed the appeal as not involving any substantial constitutional question.  (Doc. 6, RX 21; State v. Welch, 133 Ohio St.3d 1491, 978 N.E.2d 910 (2012).)

### C.  Resentencing

On Feb. 27, 2012, the trial court carried out the resentencing as directed by the court of appeals.  The court merged the counts, and again sentenced Welch to an aggregate sentence of thirty-six years imprisonment.  (Doc. 6, RX 22.)  Welch did not file a timely appeal.

4

Eleven months later, on Jan. 3, 2013, Welch filed a notice of appeal, which the court of appeals denied as untimely. (Doc. 6, RX 23-24.) Welch then filed, on April 16, 2013, an application pro se to reopen his appeal, pursuant to Ohio App. Rule 26(B)(2)(c), asserting that his appellate counsel was ineffective, for failing to file a timely appeal of his resentencing. (Doc. 6, RX 25-26.) The court of appeals treated his application as a motion for reconsideration pursuant to Ohio App. Rule 26(A), and granted his motion, appointing counsel to represent him. (Doc. 6, RX 28.)

Welch presented two assignments of error in the subsequent appeal of his sentence:

> 1. The trial court's imposition of consecutive sentences was clearly contrary to the record.
>
> 2. The trial court erred in failing to give reasons in support of its findings for imposition of consecutive sentences.

(Doc. 6, RX 29.) The court of appeals affirmed the judgment of the trial court. (Doc. 6, RX 31; State v. Welch, No. 99349, 2014 WL 803434 (Ohio Ct. App. Feb. 27, 2014).)

Welch appealed that decision to the Supreme Court of Ohio, putting forward two propositions of law:

> 1. The imposition of consecutive sentences by the trial court violates a defendant['s] right to due process when that sentence is clearly contrary to the record.
>
> 2. The trial court erred in failing to give reasons in support of it[s] findings for imposition of consecutive sentences.

(Doc. 6, RX 33.) On June 25, 2014, the court declined to accept jurisdiction of the appeal. (Doc. 6, RX 34; State v. Welch, 139 Ohio St.3d 1430, 11 N.E.3d 284 (2014).)

### D. Other Post-Conviction Motions

Welch filed a motion for a new trial on April 18, 2012, which was denied by the trial court on April 24, 2012. (Doc. 6, RX 35-36.) He did not appeal.

On June 11, 2012, Welch filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21. (Doc. 6, RX 37.) The court denied the petition as untimely on June 15, 2012, also noting that all the grounds he raised in the petition were res judicata, as they could have been raised on direct appeal. (Doc. 6, RX 38.) Welch did not file a timely appeal of this denial.

However, on Oct. 29, 2012, he filed a notice of appeal (of the June 15 judgment), and a motion for leave to file a delayed appeal. (Doc. 6, RX 39-40.) The motion was denied by court of appeals on Nov. 15, 2012. (Doc. 6, RX 41.)

Finally, on June 10, 2014, Welch filed a motion for leave to file a motion for a new trial. (Doc. 6, RX 42-43.) On June 12, 2014, the trial court denied leave to file the motion for new trial. (Doc. 6, RX 44.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-412; Lorraine, 291 F.3d at 422.

III.  STATUTE OF LIMITATIONS

The respondent argues that Welch's petition should be barred because it was untimely filed.  (Doc. 6, at 8-11.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

For petitioners who do not pursue direct review to the U.S. Supreme Court, the judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for seeking direct review in state court expires, or the time allowed (90 days) for filing for certiorari expires.[1]  Gonzalez v. Thaler, 132 S.Ct. 641, 653-654 (2012).  In other words, "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."  Gonzalez, 132 S.Ct. at 646.

On Feb. 27, 2012, Welch was resentenced by the trial court.  (Doc. 6, RX 22.)  Welch did not seek timely review by the Ohio Court of Appeals.  Under Ohio law, Welch had 30 days within which to file his direct appeal after the date of

---

[1] However, a habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period.  *Lawrence v. Florida*, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

8

sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Feb. 27, 2012; that is, his conviction became "final" on March 28, 2012. (Doc. 6, RX 22.) The statute began to run on March 29, 2012, and ordinarily would have expired one year later. See, e.g., Goodballet v. Mack, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003).

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 517-518 (6th Cir.), cert. denied, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2). However, an untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations. Allen v. Siebert, 552 U.S. 3 (2007) (per curiam) (affirming Pace v. DiGuglielmo, 544 U.S. 408 (2005)); Williams v. Wilson, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), cert. denied, 547 U.S. 1152 (2006).

The statute of limitations ran for twenty days, until Welch filed a motion for a new trial on April 18, 2012, which was denied on April 24, 2012. (Doc. 6, RX 35-36.) Filing a collateral motion tolls the running of a pending, unexpired one-year limitations period, Souter, 395 F.3d at 585, but it will not "revive" the statute, or cause it to begin running anew. Hill v. Randle, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); Searcy, 246 F.3d at 519. Thus, the statute resumed running on April 25, 2012, with 345 days remaining.

9

On June 11, 2012, Welch filed a petition for post-conviction relief, which denied as untimely. (Doc. 6, RX 37-38.) As mentioned above, however, an untimely post-conviction motion is not considered "properly filed" so as to toll the running of the statute. Allen, 552 U.S. 3; Williams, 2005 WL 2175914, at *3. The statute continued to run.

On Oct. 29, 2012, Welch filed a motion for leave to file a delayed appeal. (Doc. 6, RX 39-40.) That motion was denied by court of appeals on Nov. 15, 2012. (Doc. 6, RX 41.) The filing of the motion for a delayed appeal is considered collateral review, which tolls the running of the one-year period during the pendency of the motion. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy, 246 F.3d at 519; Sanders v. Bobby, No. 5:07 CV 682, 2008 WL 276415, at *3 (N.D. Ohio Jan. 31, 2008). Thus, the statute was tolled for eighteen days, and resumed running on Nov. 16, 2012, with 158 days remaining. (The statute had run another 187 days from April 25 to October 29.) At this point, the statute of limitations was set to expire on April 21, 2013.

On January 3, 2013, Welch filed a notice of appeal of his resentencing judgment, which the court of appeals denied as untimely. (Doc. 6, RX 23-24.) Only a timely appeal serves to toll the statute of limitations. Evans v. Chavis, 546 U.S. 189, 197 (2006). Welch did not file a motion for leave to file a delayed appeal, in this instance. The statute of limitations continued to run.

On April 16, 2013, shortly before the habeas statute of limitations would have expired, Welch filed an application pro se to reopen his appeal, pursuant to Ohio App. Rule 26(B)(2)(c), asserting that his appellate counsel was ineffective for failing to file a timely appeal of his resentencing. (Doc. 6, RX 25-26.) The court of appeals treated his application as a motion for reconsideration pursuant to Ohio App. Rule 26(A), and granted his motion, appointing counsel to represent him. (Doc. 6, RX 28.)

The respondent argues that a Rule 26(B) proceeding is to be considered a collateral action, even if the application is granted. (Doc. 6, at 10, citing Lopez v. Wilson, 426 F.3d 339, 341 (6th Cir. 2005), cert. denied, 547 U.S. 1099 (2006).) However, the application in Lopez was denied, thus it does not apply as precedent in this situation.[2] Here, the court granted Welch's motion, and chose to treat his motion as a Rule 26(A) motion for reconsideration. (Doc. 6, RX 28.)

The state court of appeals granted his motion, and reinstated his appeal, thus his conviction was not yet considered "final" for habeas purposes, and the habeas clock resets. The Supreme Court has held:

> . . . where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on

---

[2] Similarly, the state court decision in *Morgan v. Eads* is inapposite, because the court did not reach the question of whether a Rule 26(B) application becomes part of the direct appeal if the application is granted. *Morgan v. Eads*, 104 Ohio St3d 142, 148, 818 N.E.2d 1157, 1158 (2004).

11

> which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

Jimenez v. Quarterman, 555 U.S. 113, 121 (2009). See also Foster v. Bobby, No. 07CV1303, 2010 WL 1524484, at *4 n.3 (N.D. Ohio Apr. 15, 2010) (citing Jimenez); Johnson v. United States, No. 09-1556, 2012 WL 171379, at *3 (6th Cir. Jan. 23, 2012).

The court of appeals affirmed the resentencing judgment on Feb. 27, 2014 (doc. 6, RX 31; Welch, 2014 WL 803434), and the Supreme Court of Ohio declined to accept jurisdiction of the appeal on June 25, 2014 (doc. 6, RX 34; Welch, 139 Ohio St.3d 1430, 11 N.E.3d 284). Welch did not appeal to the U.S. Supreme Court within ninety days, so his conviction became "final" for habeas purposes at that point, Sept. 24, 2014. (The statute of limitations would have expired one year later, on Sept. 24, 2015.)

Welch filed his habeas petition on Sept. 15, 2014, well within the reset one-year limitations period. The court finds that the petition was timely filed, and will consider the merits of the grounds raised by the petition.

## IV. MANIFEST WEIGHT OF THE EVIDENCE

The first ground of the petition is that Welch's conviction is against the manifest weight of the evidence. (Doc. 1, § 12.)

The respondent asserts (correctly) that a manifest weight of the evidence claim is not cognizable in federal habeas.  (Doc. 6, at 17-18.)  The respondent also argues at length that a sufficiency of the evidence claim, if presented in the petition, is meritless.

The first claim of the petition, as Welch plainly sets it forth, is a claim that his conviction is against the weight of the evidence.  (Doc. 1, § 12, and p. [22].)  Welch asserts, for example, that the victim's testimony was not credible, and that other witnesses testified to her lack of truthfulness.  (Doc. 1, at [22].)  Welch also points to testimony that he told the investigating detectives that the victim was simply fabricating these charges to retaliate against him.  Id. at [23].  These are arguments to the weight of the evidence.[3]

In his Traverse, Welch shifts his focus to a sufficiency of the evidence argument.  (Doc. 9, at 9-12.)  However, Welch cannot present new grounds in his Traverse.  See, e.g., Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005), cert. denied, 547 U.S. 1074 (2006) (citing cases); Jenkins v. Welch, No. 4:09CV637, 2010 WL 1948297, at *15 (N.D. Ohio Apr. 26, 2010).  The court also notes that the court

---

[3] Welch briefly argues that, even if the court were to believe the victim's testimony, there was no evidence to support a conviction of rape.  (Doc. 1, at [25].)  The court does not view this brief aside as constituting a separate ground of the petition.  Even if it were to be construed as a sufficiency of the evidence claim, the state court of appeals addressed that claim thoroughly, and found the evidence sufficient to support his conviction.  (Doc. 6, RX 12, at 10-11; *Welch*, 2011 WL 2566392, at *5.)  Reviewing the decision of the state court of appeals, this court would not find that the court's ruling was contrary to *Jackson v. Virginia*, 443 U.S. 307 (1979).

of appeals addressed sufficiency of the evidence arguments in his direct appeal, thus Welch was put on notice that the two claims are distinct. See, e.g., doc. 6, RX 12, at 2; Welch, 2011 WL 2566392, at *1 ("Defendant's alternate arguments are based on the sufficiency of the evidence, rather than the weight of the evidence"). The first ground of the petition reads: "Petitioner's conviction was against the manifest weight of the evidence." (Doc. 1, § 12.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997). When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony. Tibbs v. Florida, 457 U.S. 31, 42 (1982). In the federal habeas context, this is outside the proper role of the habeas court. The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses. United States v. Adamo, 742 F.2d 927, 934-935 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).

Moreover, a claim that Welch's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the evidence. Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Cameron v. Birkett, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004)

(citing cases); Douglas v. Portuondo, 232 F.Supp.2d 106, 116 (S.D. N.Y. 2002); see also Gray v. Meachum, 101 F.3d 1394, 1996 WL 478665, at *1 (2d Cir. 1996) (TABLE, text in WESTLAW). The petition should not be granted on the first ground based on the manifest weight of the evidence.

## V. RIGHT TO FAIR TRIAL

The second ground of the petition is: "The trial court erred in concluding its own independent research and relying on matter[s] that were not offered in evidence."

Welch raised this claim before the state court of appeals, which ruled on the claim as follows:

> Defendant argues that the court improperly considered outside influences in convicting him of the offenses at hand, such as a chart and subsequent correspondence to the prosecutor and defense counsel summarizing the 67-count indictment, the 27 counts defendant was acquitted of, the 40 counts defendant was convicted of, and which counts merged for sentencing. Additionally, defendant infers that the court considered outside influences to conclude that K.W.'s mother re-entered her life, because the mother did not testify. Furthermore, defendant argues that the court relied on outside influences regarding the meaning of the tattoo that defendant put on K.W.'s back, because no expert or lay witness testified regarding the significance of tattoos.

> Longstanding law requires that the fact finder in a criminal trial be fair and impartial; thus, outside influences are prohibited if they are prejudicial to the outcome of the trial. See State v. Kehn (1977), 50 Ohio St.2d 11, 361 N.E.2d 1330. "The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." Patterson v. Colorado, ex rel. Attorney General (1907), 205 U.S. 454, 462, 27 S.Ct. 556, 51 L.Ed. 879.

15

> This court applied the "no outside influences" rule in State v. Spencer (1997), 118 Ohio App.3d 871, 873, 694 N .E.2d 161, to grant a new trial based on juror misconduct "after it was revealed that one of the jurors had made the statement while in the deliberation room with the other eleven jurors that he or she had contacted twelve doctors over the weekend recess * * * about prescribing methadone" in violation of R.C. 3793.11.
>
> We find the facts of the case at hand to be distinguishable from Spencer. There is no evidence that the court was influenced by anything outside of the record in the instant case. The summary chart and letter were prepared by the court post-conviction to facilitate sentencing. Although K.W.'s mother did not testify, K.W. testified about reporting defendant's sexual abuse when her mother reappeared in her life. Furthermore, there is no evidence that the court consulted an outside source regarding tattoos. Rather, the court formed an opinion from evidence in the record that defendant's tattooing the word "Love" on his daughter K.W. was consistent with an improper sexual relationship.
>
> Accordingly, defendant did not show that the court considered outside influences in reaching its guilty verdict, and his third assignment of error is overruled.

(Doc. 6, RX 12, at 16-18; Welch, 2011 WL 2566392, at *8.)

The U.S. Supreme Court has stated that: "A fair trial in a fair tribunal is a basic requirement of due process." Noe v. Pineda, No. 3:11CV117, 2014 WL 4956164, at *9 (N.D. Ohio Sept. 30, 2014) (quoting Irvin v. Dowd, 366 U.S. 717, 722 (1961)). The Court recently affirmed that "the theory of our trial system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." Noe, 2014 WL 4956164, at *9 (quoting Enron v. Skilling, 561 U.S. 358, 130

S.Ct. 2896, 2914 (2010) (in turn quoting Patterson v. Colorado ex rel. Attorney General of Colo., 205 U.S. 454, 462 (1907)).

The state court of appeals found that there was no evidence that the trial court was influenced by anything outside the record.  (Doc. 6, RX 12, at 18; Welch, 2011 WL 2566392, at *8.)  Reviewing the record before the court, and the briefs filed by the parties, the court cannot find that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the second ground.

## VI.  SENTENCING

The third and fourth grounds of the petition are related:

3.  The imposition of consecutive sentences by the trial court violates a Defendant's to due process and equal protection when that sentence is clearly contrary to the record.

4.  The trial court erred in failing to give reasons in support of it finding for imposition of consecutive sentences.

The respondent contends that these two grounds are non-cognizable challenges to the state court's application of Ohio statutory sentencing law.  (Doc. 6, at 33.)

Generally, a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v.

17

Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003). The U.S. Supreme Court has ruled that the Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences. Oregon v. Ice, 555 U.S. 160 (2009); Adams v. Kelly, No. 4:09CV137, 2009 WL 5061766, at *11 (N.D. Ohio Dec. 15, 2009); Shie v. Smith, No. 1:08CV194, 2009 WL 385617, at *3 (N.D. Ohio Feb. 13, 2009). The Court also found that "judicial factfinding to determine whether consecutive sentences should be imposed does not violate Apprendi/Blakely." Schaub v. Brunsman, No. 1:08CV2522, 2009 WL 2143746, at *4 n.2 (N.D. Ohio July 16, 2009) (citing Oregon v. Ice).

Welch concedes, in his Traverse, that grounds three and four are not cognizable for federal habeas review. (Doc. 9, at 15.) The petition should not be granted on the basis of the third or fourth grounds.

## VII. SUMMARY

The petition for a writ of habeas corpus should be denied. The petition should not be granted on the first ground, based on the manifest weight of the evidence. Welch has failed to demonstrate that the state court's decision concerning the second ground was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Welch concedes that grounds three and four are not cognizable for federal habeas review.

RECOMMENDATION

The petition for a writ of habeas corpus should be denied.


Dated: Feb. 10, 2016          /s/ Kenneth S. McHargh
                              Kenneth S. McHargh
                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).