UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lee Welch, | ) | CASE NO. 1:14CV2328 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Alan Lazaroff, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh (Doc. 10) recommending the denial of petitioner's Petition for Writ of Habeas Corpus. Petitioner has filed Objections to the Report and Recommendation. For the reasons set forth below, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

1

**Discussion**

On October 16, 2009, petitioner was charged in a 67-count indictment relating to his alleged sexual abuse of his daughter, K.W. The case was tried to the court in the Cuyahoga County Court of Common Pleas. On June 28, 2010, defendant was convicted of 12 counts of rape, 13 counts of sexual battery, and one count each of gross sexual imposition, importuning, and disseminating matter harmful to juveniles. Petitioner was sentenced to 36 years in prison. The procedural history of the state-court proceedings following petitioner's trial is summarized in Magistrate Judge McHargh's Report and Recommendation. (R&R at 2-4).

Over respondent's arguments, Magistrate McHargh found that petitioner's habeas petition was filed within the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). (*Id.* at 12). Respondent does not object to this conclusion. For the reasons discussed in the Report and Recommendation, the Court agrees that petitioner's petition is timely.

Petitioner raised four grounds for relief in his petition: (1) his conviction was against the manifest weight of the evidence; (2) "the trial court erred in concluding its own independent research and relying on matter[s] that were not offered in evidence"; (3) the imposition of consecutive sentences violated petitioner's right to due process and equal protection; and (4) the trial court failed to give reasons to support its imposition of consecutive sentences. Magistrate McHargh found that the petition should not be granted on the latter two grounds because they are not cognizable in a federal habeas action. Petitioner does not object to this portion of the R&R; in fact, he conceded in his traverse that these grounds are not cognizable on federal habeas review. The Court adopts that portion of the

2

Report and Recommendation dismissing the third and fourth grounds for relief.

Magistrate McHargh recommended dismissing petitioner's first ground for relief because a manifest weight of the evidence claim raises an issue of state law that also is not cognizable in federal habeas review. (R&R at 14-15). In the traverse, petitioner shifted the focus of Ground One to a sufficiency of the evidence argument. Magistrate McHargh noted that petitioner cannot raise new grounds in his traverse. He further noted that, even if petitioner had raised a sufficiency of the evidence argument in his petition, it would fail because the Eighth District Court of Appeals decision rejecting such an argument was not contrary to clearly established Supreme Court case law. (R&R at 13).

In his objections, petitioner does not address Magistrate McHargh's recommendations that a manifest weight of the evidence claim is not cognizable in federal habeas or that he cannot raise a new ground for relief in his traverse. Instead, he continues to focus on an insufficiency of the evidence argument, maintaining that "[t]here is no evidence of force or threat of force to substantiate Mr. Welch's conviction." (Pet.'s Objections at 1). He further argues that the Eighth District's decision was an unreasonable application of *State v. Eskridge*, 38 Ohio St. 3d 56 (1988), an Ohio Supreme Court opinion, and an unreasonable determination of the facts. (*Id.* at 3).

Petitioner's objections are not well-taken. For the reasons discussed in the Report and Recommendation, petitioner's manifest weight of the evidence claim is not cognizable in federal habeas, nor can petitioner convert this claim into a sufficiency of the evidence claim. Moreover, the question under AEDPA is whether a state court decision is contrary to, or an unreasonable application of, clearly established *federal* law, as determined by the United

3

States Supreme Court–not whether it is an unreasonable application of state law. Thus, petitioner's argument regarding *Eskridge* is without merit. Finally, under AEDPA, a determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Even if ground one were construed as a sufficiency of the evidence claim, petitioner has not shown with clear and convincing evidence that the court of appeals' decision was based on an unreasonable determination of the facts.

Magistrate McHargh recommended dismissing the second ground for relief because the Eighth District's conclusion that there was no evidence that the trial court was influenced by anything outside the record was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. The Court agrees with this determination.  Although petitioner contends that the trial judge relied on matters not presented in evidence, he has not demonstrated in his objections that the determination of the state court of appeals was contrary to or involved an unreasonable application of federal law. Accordingly, petitioner's objection to the Report and Recommendation on Ground Two is overruled.

**Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge McHargh recommending denial of petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 is accepted.  Magistrate Judge McHargh correctly determined that petitioner is not entitled to a writ of *habeas corpus*. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. §

4

1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

 IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
 PATRICIA A. GAUGHAN
 United States District Judge

Dated: 7/6/16